## BRANCH v. GUARANTY NAT. INS. CO.

### No. 3833.

Court of Civil Appeals of Texas. El Paso. June 15, 1939.

O. B. Pirkey, of New Boston, for appellant.

Simmons & Arnold, of Houston, and J. A. R. Moseley, Jr., of Texarkana, for appellee.

WALTHALL, Justice.

On February 15, 1935, the Lincoln Aid Association, a foreign corporation, issued two certificates of insurance on the life of Henry Shipp, with Marie Branch as beneficiary in each certificate. The certificates were identical except as to numbers. Appellee, Guaranty National Insurance Company, assumed the payment of each certificate. Henry Shipp was eighteen years old when the certificates were issued. Henry Shipp died a natural death and not an accidental death on July 16, 1936. At the time of the death of the insured the two certificates had been in force one year, five months and one day. The initial payment and all subsequent payments due on each policy were paid to the time of the death of the insured. Each of the policies is in the maximum sum of $1000, payable to the beneficiary on the death of the insured.

The beneficiary, Marie Branch, brought this suit to recover on the two certificates of insurance. She asked judgment for $550 on each certificate, with interest.

The case was tried before the Court without a jury. The Court heard the evidence and made and filed findings of fact and conclusions of law. In construing the certificate the Court concluded as a matter of law that appellant was entitled to recover on each certificate the sum of $110, a total of $220 principal, with legal interest from April 30, 1937, amounting to $14.30, and so rendered judgment, from which appellant prosecutes this appeal.

Opinion.

The only issue presented here is the proper construction to be placed upon the certificates under the policies determining the amount of liability of appellee under the terms of the policies.

The pertinent portions of the policies under the facts found are as follows:

Lincoln Aid Association "Hereby accepts, subject to the terms of this contract, Henry Shipp (hereinafter called the member) to all benefits as provided in the by-laws of this Association, and in the event of the natural or accidental death of said member entitles Marie Branch, sister, named as beneficiary, to an amount not to exceed maximum benefit according to age as designated in schedule below, subject, however, to the conditions named in by-laws set forth hereinafter and made a part hereof.

"Age 11 to 55 years; * * *

"Natural death, $1000.00 * * *

"If death occurs by other than accidental means, after the issuance of this certificate, or the proper reinstatement thereof, before the same has reached its full maximum benefit as provided in schedule according to age, the liability of the Association shall not exceed one-fifth of the sum which would otherwise be payable under the applicable paragraph of Section Two of Article Four; * * *"

Section 2 of Article 4 is as follows:

" * * * On certificates issued to persons 11 to 55 years of age, if death occurs during the first six months after the certificate has been issued, or within six months after the date of any reinstatement, the maximum benefit shall be $250.-00 and shall increase $100.00 at the end of each 90 days thereafter, should the member be living during the continuance of this certificate until the maximum value of the certificate reaches the amount specified in the schedule according to age."

The trial Court concluded that the amount payable under each certificate for one six month and three ninety day periods would be $550, but that the restricting clause in each certificate, as stated above, reduced the amount otherwise due to one-fifth of said amount; that is, to $110 on each certificate, and rendered judgment for appellant in the sum of $220, as the amount due on the certificates, and the sum of $14.30 interest.

The sole point raised by appellant is that the Court erred in construing the policies.

The point at issue is the effect to be given the clauses appearing in the policies and stated above, and to the effect that if death occurs before the certificates have reached their full maximum benefits, that is, $1000 each, according to the age of the insured, 18 years, the liability shall not exceed one-fifth of the sum which would otherwise be payable under the paragraph of Section 2 of Article 4. Neither certificate had reached the maximum value specified in the schedule according to age.

It is appellant's contention that the Court should have construed the policies so as to allow a recovery of $550 on each certifi-

cate. To do so would be in disregard of other contractual provisions of the policy.

We have concluded the Court was not in error in construing the policies.

The case is affirmed.